UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DANNETTA TODD, | Civil Action No.: 4:09-cv-1501-TLW-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| FEDERAL EXPRESS CORPORATION, FEDEX CORPORATION, and FEDEX EXPRESS, | |
| Defendant. | |

**I.      INTRODUCTION**

In this employment discrimination action, Plaintiff asserts causes of action for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and sexual harassment, gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. Plaintiff also asserts state law causes of action for battery, defamation and intentional infliction of emotional distress/outrage. Presently before the Court is Defendant Federal Express Corporation's (Federal Express) Motion to Dismiss (Document # 8) Plaintiff's claims for intentional infliction of emotional distress/outrage and battery as well as any class action allegations Plaintiff may be asserting. Plaintiff filed a Response (Document # 17) to Defendant's Motion, to which Defendant filed a Reply (Document # 20).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because the Motion to Dismiss is a dispositive motion, this Report and Recommendation is entered for review

by the district judge.

## II. RELEVANT FACTUAL ALLEGATIONS

In the first paragraph of her Complaint, Plaintiff asserts that she is bringing this action "to eliminate and correct the nationwide pattern and practice of the Defendants discriminating against its couriers who are over the age of forty." Complaint ¶ 1. Plaintiff further alleges that "Defendants' discriminatory practices have harmed the Plaintiff and other similar [sic] situated employees over the age of forty," Id. at ¶ 49, and "unless restrained by order of this Court, Defendants will continue to pursue policies and practices that cause Plaintiff and other similarly situated older, more experienced couriers to suffer irreparable harm." Id. at ¶ 50. Plaintiff also alleges that Plaintiff, "as well as other older more experienced workers" were required to work harder and take on more stops than younger, less experienced workers. Id. at ¶¶ 54-57.

Under her cause of action for battery, Plaintiff also alleges that her supervisor inflicted upon her "unlawful, unauthorized forcible contact and touching" that "caused severe injury to Plaintiff, including physical and psychological distress and damage." Id. at ¶¶ 100-101. Under her cause of action for intentional infliction of emotional distress/outrage, she alleges that Defendants' actions "exceed all bounds of decency" and "were certain or substantially certain to cause severe distress to Plaintiff." Id. at ¶¶ 109-110.

## III. STANDARD OF REVIEW

Defendant seeks dismissal of any class action claims asserted by Plaintiff as well as her claims for battery and intentional infliction of emotional distress pursuant to Rules 12(b)(6) and

12(c), Fed.R.Civ.P. A motion to dismiss under Rule 12[1] tests the sufficiency of the complaint. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir.1991). It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir.1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations omitted).

**IV.   DISCUSSION**

Although Plaintiff does not explicitly seek to maintain this action as a class action, Defendant argues that some of Plaintiff's allegations appear to assert claims on behalf of a class. Defendant seeks to dismiss any class action allegations asserted by Plaintiff. In her Response, Plaintiff asserts that "Defendant incorrectly denominates these [discrimination claims] as class actions, which they are not." Response p. 8. Thus, because Plaintiff concedes that she has not asserted her claims on behalf of any class, Defendant's motion to dismiss the class action claims is moot.

Defendant also seeks to dismiss Plaintiff's claims for battery and intentional infliction of

---

[1] The standard of review for a 12(b)(6) and 12(c) motion are the same. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999).

emotional distress/outrage, arguing that they are preempted by the exclusive remedy found within the South Carolina Workers Compensation Act (the Act), S.C. Code Ann. § 42-1-540, et seq.[2] It is well settled that both battery claims and claims of intentional infliction of emotional distress or outrage are preempted by the Act when they arise out of and in the course of employment. See Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700, 701 (S.C. 1993) (finding that assault, battery, outrage and negligence claims asserted by an employee or former employee against his or her employer or former employer are pre-empted by the Act and must be dismissed); Loges v. Mack Trucks, Inc., 417 S.E.2d 538, 540 (S.C. 1992) (intentional infliction of emotional distress claims involve personal injuries that fall within the exclusive remedy provision of the Act).

The plaintiff in Lasher v. Day & Zimmerman International, Inc., 516 F.Supp.2d 565 (D.S.C. 2007) asserted a claim for intentional infliction of emotional distress in conjunction with her sexual harassment, gender discrimination and retaliation claims. The court dismissed the intentional infliction of emotional distress claim because it alleged of personal injury arising out of and in the course of the plaintiff's employment. Id. at 587 (citing Loges, 417 S.E.2d at 540 and Dickert, 428 S.E.2d at 701). See also Benekritis v. Johnson, 882 F. Supp. 521, 528 n. 9 (D.S.C. 1995) (assault and battery claims found pre-empted by the Act); Taylor v. Cummins Atlantic, Inc., 852 F. Supp. 1279, 1282-1283 (D.S.C. 1994) (concluding that an outrage claim was pre-empted by the Act), aff'd

---

[2]The Act provides in relevant part,

> The rights and remedies granted by this Title to an employee when he and his employer have accepted provision of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee…as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

S.C. Code Ann. § 42-1-540.

48 F.2d 1217 (4th Cir 1995).

Plaintiff does not argue that the intentional infliction of emotional distress or battery claims arose outside the scope of employment. Rather, she argues that, as her immediate supervisor, Dominic DiPalma, was the "alter ego" of Defendant and, thus, liability falls outside the scope of the Worker's Compensation Act. Plaintiff cites to Stewart v. McLellan's Stores Co., 194 S.C. 50, 9 S.E.2d 35, 37 (1940), in which the South Carolina Supreme Court held that an "intentional, wilful and malicious assault and battery by the employer or his representative, his alter ego," falls outside the Worker's Compensation Act. Plaintiff argues that the Stewart opinion requires only that the tort be committed by a "representative of the employer" for the cause of action to fall outside the scope of the Worker's Compensation Act and does not require the tortfeasor to be someone of "CEO stature." Plaintiff's Response at 11. Because her supervisor is a representative of Defendant, Plaintiff argues, her claims of intentional infliction of emotional distress and battery fall outside the scope of the Worker's Compensation Act and, thus, should not be dismissed.

However, in Dickert v. Metropolitan Life Ins. Co., 311 S.C. 218, 221, 428 S.E.2d 700, 701 (1993), the South Carolina Supreme Court limited the definition of "alter ego" to "dominant corporate owners and officers." The court specifically declined to extend the definition to supervisory employees such as office managers. Id. Although Plaintiff takes issue with the holding in Dickert, this court, as well as the Fourth Circuit, has applied the definition of alter ego set forth in Dickert on numerous occasions, see, e.g., Washington v. Hilton Hotels Corp., C/A No. 2:07-2694-CWH, 2008 WL 747792, *4 (D.S.C. March 17, 2008); Pauling v. Greenville Transit Authority, C/A No. 6:05-1372-HMH-BH, 2006 WL 3354512, *5 (D.S.C. Nov. 16, 2006); Palmer v. House of Blues Myrtle Beach Restaurant Corp., C/A No. 4:05-3301-RBH, 2006 WL 2708278, *2 (D.S.C. Sep 20,

2006); Taylor v. Cummins Atlantic, Inc., 852 F.Supp. 1279, 1282 (D.S.C. 1994); Bryant v. INA Bearing Co., Inc., 14 F.3d 593 (table) (4th Cir.1993). Thus, the undersigned declines to sway from this precedent.

Under Dickert, Plaintiff's supervisor must be a dominant corporate owner or officer to remove Plaintiff's claims from the exclusivity of the Worker's Compensation Act. In her Complaint, Plaintiff labels Mr. DiPalma a "supervisor." See Complaint, ¶¶ 10, 24. There is no allegation that Mr. DiPalma was a dominant corporate owner or officer nor does Plaintiff argue as much in her Response. Instead, as discussed above, Plaintiff argues that Mr. DiPalma was a representative or "alter ego" of Defendant despite the holding in Dickert. Based upon the pleadings, Plaintiff's claims for intentional infliction of emotional distress and battery are barred by the exclusivity provision of the Worker's Compensation Act and should be dismissed from this action.

## V. CONCLUSION

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss (Document # 8) be granted as to Plaintiff's claims for intentional infliction of emotional distress and battery and found moot as to any worker's compensation claims.

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

February 2, 2010
Florence, South Carolina