IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dannetta Todd, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:09-1501-TLW-TER |
| | ) | |
| Federal Express Corporation, FedEx | ) | |
| Corporation, and FedEx Express, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER

The plaintiff filed this civil action on June 8, 2009. (Doc. #1). On June 30, 2009, the

defendants filed a motion to dismiss the plaintiff's intentional infliction of emotional distress/outrage

and battery claims, as well as the plaintiff's class action allegations. (Doc. #8). The plaintiff filed

a response in opposition to the motion to dismiss on July 20, 2009. (Doc. #17). The defendants filed

a reply on July 24, 2009. (Doc. #20).

This matter now comes before this Court for review of the Report and Recommendation ("the

Report") filed by United States Magistrate Judge Thomas E. Rogers, III to whom this case had

previously been assigned. (Doc. #29). In the Report, the Magistrate Judge recommends that the

District Court grant the defendants' motion to dismiss the plaintiff's battery and intentional infliction

of emotional distress/outrage claims. (Doc. #29). The plaintiff filed objections to the report. (Doc.

#30). The defendants then filed a reply to the objections on February 25, 2010. (Doc. #32). In

conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party
> may file written objections...The Court is not bound by the recommendation of the
> magistrate judge but, instead, retains responsibility for the final determination. The

Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The plaintiff's fifth cause of action in this case is for battery. While the complaint contains numerous specific allegations against one station supervisor, see (Compl. ¶ 10, ¶ 33, Doc. #1), the allegations with regard to the battery claim are stated generally. The plaintiff only identifies the corporate defendants with regard to this claim, but no allegations are made against a dominant corporate owner or officer. In her objections to the Report, the plaintiff asserts that the station supervisor could be elevated to the status of the "alter ego" of the corporate defendants based on the defendants' awareness of the supervisor's alleged conduct. The South Carolina Workers' Compensation Act contains an exclusivity provision which "precludes an employee from maintaining a tort action against an employer where the employee sustains a work-related injury." Edens v. Bellini, 597 S.E.2d 863, 867-68 (Ct. App. 2004) (citing Tatum v. Medical Univ. of South Carolina, 552 S.E.2d 18 (2001)). The South Carolina Supreme Court has affirmatively stated that claims for "assault and battery caused by the action of another employee are within the scope of the [Worker's Compensation] Act since these actions arise from personal injury." Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700, 701 (1993) (citing Loges v. Mack Trucks, 417 S.E.2d 538 (1992)). Liability will fall outside of the Workers' Compensation Act, thereby allowing the

employee to bring a tort action, only where the co-employee responsible for the battery can be considered the "alter ego" of the employer. Dickert, 428 S.E.2d at 701. However, only "dominant corporate owners and officers" may constitute alter egos, and the South Carolina Supreme Court has specifically declined to "extend the definition of alter ego to supervisory employees such as office manager." Id. (internal citations omitted). As stated earlier, the complaint alleges battery claims against one supervisor at a Federal Express station located in Myrtle Beach, South Carolina. There have been no allegations that the supervisor allegedly responsible for the battery was acting as the alter ego of the corporate defendants, only that the corporate defendants' knowledge of the supervisor's conduct elevates the supervisor to "alter ego" status. No cited caselaw supports the plaintiff's position regarding this claim. For this reason, the Report is adopted as to this claim. The plaintiff's fifth cause of action for battery is dismissed.

The plaintiff's seventh cause of action is for intentional infliction of emotional distress/outrage. Like battery claims, claims of intentional infliction of emotional distress, when committed by another employee, typically fall within the exclusivity provisions of the South Carolina Workers' Compensation Act. Dickert 428 S.E.2d at 701, Bryant v. INA Bearing Co., Inc., 14 F.3d 593 (4th Cir. 1993) (unpublished). However, the plaintiff's allegations with regard to this claim extend to the corporation, rather than the station supervisor specifically identified in numerous paragraphs within the complaint. The plaintiff asserts that the company's failure to reinstate or investigate her claims of "harassment, age discrimination, sex discrimination, favoritism, preferential treatment and hostile work environment" caused the plaintiff sever emotional distress. (Compl. at ¶ 20, Doc. #1). Further factual development is necessary to allow the Court to determine (i) which members of the defendant corporations, if any, allegedly failed to investigate or reinstate the

plaintiff, or (ii) if the allegd facts can support a claim for intentional infliction of emotional distress/outrage. See Palmer v. House of Blues Myrtle Beach Rest. Corp., 2006 WL 2708278 (D.S.C. 2006). At this stage in the litigation, the Court concludes that the plaintiff has sufficiently stated factual allegations to survive a Rule 12(b)(6) motion as to this claim.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report in part. (Doc. #29). For the reasons articulated by the Magistrate Judge and stated by the District Court herein, the defendants' motion to dismiss, (Doc. #8), is **GRANTED** in part and **DENIED** in part.[1] The defendants' motion to dismiss is **GRANTED** as to the plaintiff's fifth cause of action for battery, and the plaintiff's fifth cause of action for battery is hereby **DISMISSED.** The defendants' motion to dismiss is **DENIED** as to the plaintiff's seventh cause of action for intentional infliction of emotional distress/outrage.

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

March 29, 2010
Florence, South Carolina

---

[1]As noted by the Magistrate Judge, the plaintiff concedes that she has not asserted claims on behalf of any class. To the extent that the defendants seek to dismiss the plaintiff's class action allegations within the motion to dismiss, (Doc. #8), this portion of the motion to dismiss is **MOOT**.