IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dannetta Todd, | ) | C/A No. 4:09-1501-TLW-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Federal Express Corporation and FedEx Express, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| Donna Anderson, | ) | C/A No. 4:09-3039-TLW-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Federal Express Corporation, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

On March 8, 2012, the court conducted a discovery hearing at the request of counsel for Plaintiffs Dannetta Todd and Donna Anderson (collectively, "Plaintiffs") in the two above-captioned cases.[1] Pursuant to the court's Eighth Amended Scheduling Order in 4:09-1501, discovery ended February 29, 2012. ECF No. 177 in 4:09-1501, ECF No. 101 in 4:09-3039. On February 28, 2012, Plaintiffs' counsel contacted the court and requested a hearing regarding discovery-related matters they had been unable to resolve through consultation with counsel for defendants Federal Express Corporation and FedEx Express ("FedEx"). Prior to the conference, the parties submitted memoranda regarding outstanding discovery issues. Having reviewed those memoranda (ECF Nos. 189, 190 in C/A No. 4:09-1501; ECF

---
[1]The parties have agreed that discovery conducted in *Todd*, C/A No. 4:09-1501, may be used in *Anderson*, C/A No. 4:09-3039, and vice-versa.

Nos. 112, 114 in C/A No. 4:09-3039) and having considered counsels' arguments during the hearing, the court enters this order regarding issues raised by Plaintiffs.

1) **Plaintiffs' request that the discovery deadline be extended is denied.** Plaintiff Todd filed her case in June 2009. Plaintiff Anderson filed her case in November 2009. At the parties' request, the court has extended the discovery deadline numerous times. *See* ECF Nos. 13, 26, 41, 51, 138, 145, 156, 177 (in C/A No. 4:09-1501); ECF Nos. 11, 27, 42, 53, 72, 93, 101 (in C/A No. 4:09-3039). The undersigned United States Magistrate Judge was assigned to these cases as of January 1, 2012. On January 12, 2012, the parties jointly moved to amend the scheduling order to extend the discovery deadline from January 27, 2012 to February 29, 2012. ECF No. 175 in C/A/ No. 09-1501; ECF No. 99 in C/A No. 4:09-3039. In that joint motion, the parties indicated that they "recognize[d] the gravity of their request" for such an extension[,]" and they provided court with the proposed extended deadline. *Id.* The undersigned granted that joint motion, but expressly stated that no further extensions of remaining deadlines would be granted. ECF No. 177 in C/A No. 4:09-1501, No. 101 in C/A No. 4:09-3039. Plaintiffs' request for an extension of the discovery deadline[1] is denied. Counsel for FedEx are to continue to make documents available to Plaintiffs' counsel for review and copying.

2) **Plaintiff Todd's request that the expert-disclosure deadline be extended is denied.** October 30, 2009 was Plaintiff Todd's deadline for disclosing experts. ECF No. 26 in C/A No. 4:09-1501. Plaintiff Todd seeks to extend the deadline for disclosing experts in

---

[1] Plaintiffs have requested an extension of the discovery deadline in order to complete review of additional documents recently produced by FedEx. At the discovery conference, Plaintiffs' counsel represented that the additional discovery to be reviewed consisted of approximately 24 bankers' boxes of hard-copy documents, as well as documents again made available by FedEx at the office of their local counsel in these matters.

order to name as an expert a mental health professional from whom she recently began to receive treatment. Plaintiff Todd's original complaint included a cause of action against FedEx for intentional infliction of emotional distress. ECF No. 1 ¶¶ 107-14. Although that cause of action survived FedEx's challenge at the motion-to-dismiss stage, Plaintiff Todd did not name any expert witness as to health matters. The deadline for naming expert witnesses ended over two years ago, discovery has ended, and this matter is to be tried this year. The court denies Plaintiff Todd's request to extend the expert-disclosure deadline.

3) In their memorandum and at the discovery hearing, Plaintiffs indicated their intent to file a motion to compel responses from FedEx to certain discovery requests. Plaintiffs must file any timely motion to compel no later than **March 16, 2012**. FedEx is to file any response to Plaintiffs' motion no later than **March 23, 2012**. **No replies or further briefing will be permitted or considered. Plaintiffs are advised that any portion of their motion that exceeds the time constraints of the court's Local Rule 37.01[2] will be denied.**

4) The deadline for filing dispositive motions in these cases is extended to **March 30, 2012.** Responses to any dispositive motions are due no later than **April 30, 2012**. Replies, if necessary, will be due no later than **May 7, 2012.**

---

[2] Local Rule 37.01, D.S.C., provides, in pertinent part:
  **(A) Timeliness of Motion [to Compel].** Motions to compel discovery must be filed within Timeliness of Motion. Motions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due. If counsel are actively engaged in attempts to resolve the discovery dispute, they may agree to extend the time to comply with the discovery request so long as the extension does not place the due date beyond thirty (30) days before the deadline for completion of discovery as set by the scheduling order.

5) **The parties and counsel are advised that no further extensions of time regarding the deadlines for briefing the motion to compel outlined above, briefing dispositive motions, or other deadlines will be given.**

IT IS SO ORDERED.

March 8, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge