IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dannetta Todd, | ) | C/A No. 4:09-1501-TLW-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Federal Express Corporation and FedEx Express, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Dannetta Todd filed this employment matter in June 2009. After numerous extensions, some of which were requested by both parties, discovery ended February 29, 2012. *See* 8th Am. Sch. Order, ECF No. 177. At Plaintiff's request, the undersigned conducted a discovery conference on March 8, 2012, after which the court issued an order denying Plaintiff's request to further extend the discovery deadline. ECF No. 193.[1] The court permitted Plaintiff to file a timely motion to compel, *Id.* at 3 & n.2, and Plaintiff filed her Fifth Motion to Compel on March 16, 2012, ECF No. 196.[2] Defendant Federal Express Corporation ("FedEx") timely filed its opposition to Plaintiff's motion. ECF No. 199. Having considered the parties' briefs, Plaintiff's motion (ECF No. 196) is denied.

Plaintiff was a courier for FedEx at its Myrtle Beach, South Carolina station, known as the MYRA station. FedEx terminated her on May 17, 2007, citing violations of corporate policy. Plaintiff alleges FedEx wrongfully discharged her based on a pretextual, performance-related ground. Much of Plaintiff's focus in this litigation concerns the actions

---

[1] The court also denied Plaintiff's request to extend the expert-disclosure deadline. *See* ECF No. 193 at 2-3.

[2] The parties have been conducting discovery jointly in this matter and in *Anderson v. Federal Express*, C/A No. 4:09-3039. Although the court conducted the discovery conference in both cases, a motion to compel was filed in *Todd*, but not in *Anderson*.

of her former supervisor, Dominic DiPalma, and his relationship with her former co-worker, Sally Hall.[3]

Plaintiff's Fifth Motion to Compel seeks the court's order requiring FedEx to respond fully to her Fifth Set of Requests for Production ("RFP"), which were served by mail on January 20, 2012. *See* Pl.'s Reqs., ECF No. 196-2. Plaintiff specifically focuses her motion on FedEx responses to RFPs 1 through 4. *See* FedEx's Resps., ECF No. 196-4. The court considers these in turn.

1. RFPs 1 and 2: Files Related to Dominic DiPalma's July 2009 Termination from FedEx

RFPs 1 and 2 seek documents related to the review of DiPalma's July 2009 termination from FedEx. RFP 1 seeks documentation in the Guaranteed Fair Treatment Process (GFTP) file related to his termination; RFP 2 seeks documentation from FedEx's Internal Equal Employment Opportunity (IEEO) file that was created in reviewing DiPalma's July 2009 termination. As explained by FedEx in responding to Plaintiff's motion, GFTP and IEEO information relates to written policies through which employees may challenge their terminations. ECF No. 199 at 2.

FedEx objected to these requests as seeking information "irrelevant to Plaintiff's claim or FedEx's defenses and not reasonably calculated to lead to the discovery of admissible evidence." ECF No. 196-4 at 5. Further, FedEx noted that "issues regarding DiPalma's termination were previous[ly] subject to a motion to compel and were addressed previous[ly] by the Court. *See e.g.*, December 20, 2010 hearing." *Id.*

---

[3] For additional background regarding this litigation and its numerous discovery-related issues, see the court's May 27, 2011 Order on Plaintiff's Fourth Motion to Compel. ECF No. 140.

Plaintiff argues that the documents she seeks are relevant to a claim or defense and that the broad scope of discovery is not constrained by relevance. ECF No. 196-1 at 4-5. She also submits that evidence of "other bad acts" may be admissible for reasons such as providing "proof of motive and intent." *Id.* at 5 (citing FRE 404(b)). Plaintiff argues that she expects documents exist in DiPalma's GFTP and IEEO files that are relevant or will lead to relevant evidence "based on parameters established in FRE 404(b)." *Id.* She notes FedEx has produced documents regarding DiPalma's discipline while employed by FedEx, including his 2008 transfer to a different station and his 2009 termination based on his having offensive images and messages on his company-owned computer. She submits that FedEx's GFTP and IEEO files must contain additional responsive information to which she is entitled. Plaintiff specifically argues that documents related to the images and messages on DiPalma's FedEx computer, as referenced in his 2009 termination letter, are necessary to her case. *Id.*

In response, FedEx indicates it provided Plaintiff with "all pertinent and relevant documents containing information about DiPalma's employment history, and specifically, the reason for his termination[,]" and provides a list of various documents it produced regarding DiPalma's employment and termination. ECF No. 199 at 3-4. Further, FedEx argues that the court already determined information regarding DiPalma's 2009 termination was not discoverable under Federal Rule of Civil Procedure 26. *Id.* at 1-2.

The court agrees with FedEx and denies Plaintiff's motion as to its Requests 1 and 2. Plaintiff's argument that information regarding DiPalma's conduct after her 2007 termination is discoverable pushes the realm of discoverable evidence beyond the broad scope intended by the rules. Further, Plaintiff has received numerous personnel-action-related documents regarding DiPalma's record at FedEx, including information regarding his transfer,

termination, and investigation into his conduct. Six weeks before the close of discovery that has been ongoing for nearly three years, Plaintiff requested his GFTP and IEEO files, although she had previously requested the same information that she expects she would find in such files. United States Magistrate Judge Shiva V. Hodges conducted numerous hearings regarding Plaintiff's previous motions to compel[4] and issued specific rulings regarding prior RFPs that related to the same or substantially the same information Plaintiff again seeks in her Fifth Set of RFPs. *See, e.g.*, ECF No. 124 at 35-37 (Dec. 20, 2010 Hr'g Tr. finding FedEx provided records responsive to Pl.'s request for DiPalma's "personnel file"); at 48-67 (requiring FedEx to produce documents regarding the investigation into a relationship between DiPalma and subordinate employee Sally Hall).[5] The undersigned is familiar with Judge Hodges's rulings and agrees with FedEx that Plaintiff's latest set of RFPs are largely duplicative of her prior requests considered and ruled on previously.

Plaintiff was terminated in May 2007; DiPalma was transferred from MYRA to the Florence terminal as of February 18, 2008, and he was terminated July 24, 2009. *See* ECF No. 196-5 at 4, 10. As Judge Hodges found in December 2010, Plaintiff is not entitled to information regarding actions that took place after Plaintiff was terminated. The court specifically ruled that the "offensive images and messages" referred to in DiPalma's 2009 termination letter did not need to be produced. *See, e.g.,* ECF No. 124 at 103 (finding no reason the "offensive images or messages . . . to third parties would be relevant to

---

[4] Judge Hodges conducted hearings on discovery-related matters on December 15 and 20, 2010; January 7 and 21, 2011; and March 3, 2011, and issued numerous orders regarding discovery. *See, e.g.,* ECF Nos. 69, 79, 84-85, 93-94, 98-100, 120, 140, 142, 158. Judge Hodges transferred to the court's Columbia Division, and this case was reassigned to the undersigned on January 1, 2012. *See* ECF No. 169.
[5] Although the court cites to several specific prior rulings as to prior RFPs seeking the types of documents again sought by Plaintiff, it does not endeavor to include an exhaustive list of pertinent prior rulings herein.

[Plaintiff's] claim"); at 106 ("[t]here has been no allegation that links these offensive images to [Plaintiff's] claim. … "assuming . . . [DiPalma had] porn on his computer does nothing to support or vitiate the argument that he had a hostile work environment."); at 119 ("I really don't think that after [DiPalma's] move to Florence that there could be much in the way of relevance [] as to the hostile work environment."); at 108 ("And we are far afield of the Rule 26. I am going to deny the request for the hard drive. And at this time, I am going to deny the request for the offensive images and messages discovered on the company computer.").

Plaintiff again seeks these documents in the instant motion. ECF No. 196-1 at 5. The undersigned notes that Judge Hodges told Plaintiff's counsel he could revisit his request for the hard drive and the offensive images and messages if discovery revealed with specificity information that tied the hard drive to the time Plaintiff was working. ECF No. 124 at 108. However, the court finds that Plaintiff has not presented any additional argument or evidence that indicates Judge Hodges's ruling should now be reconsidered, nor has she provided evidence and argument that persuades the court that her motion should be granted. Plaintiff's motion to compel is denied as to RFPs 1 and 2 from her Fifth Set of RFPs.

2. RFP 3: Request for the Hard Drive(s) of DiPalma's Computers Used at Myrtle Beach and Florence FedEx Stations

In her third RFP, Plaintiff seeks "a copy of the hard drive(s) of any and all computers assigned to and used by Dominic DiPalma for the entire time he was employed at the MYR and FLO stations." ECF No. 196-1 at 8. FedEx objected to the request on much the same grounds as it objected to RFPs 1 and 2, and Plaintiff makes a similar argument regarding responsiveness, relevance, and admissibility.

Although FedEx indicated it had produced all relevant data from DiPalma's computers, Plaintiff argues that certain "gaps" in email correspondence indicate other emails

must exist on computer hard drive(s) used by DiPalma. ECF No. 196-1 at 9-11. Plaintiff's counsel notes that he placed his request for DiPalma's computer hard drives on hold "based on his understanding that all of the information Plaintiff needs, that is contained on the hard drive(s), would be produced." *Id.* Because FedEx has not produced all relevant data Plaintiff needs, she again requests the actual hard drive(s) be produced. *Id.*

The court is not persuaded. From December 2010 through at least May 2011, the court spent numerous hours parsing Plaintiff's prior requests for documents, including electronically stored information (ESI), relevant to her claims. Particularly, the court spent hours discussing DiPalma's computer hard drive(s) and issuing rulings regarding what was to be produced. Judge Hodges ordered FedEx to produce information from DiPalma's hard drives. *See* ECF Nos. 94 (Jan. 24, 2011 order), 99 (Feb. 1, 2011 order), 100 (Feb. 2, 2011 order), 120 (Mar. 3, 2011 order), 140 (May 27, 2011 order). FedEx informed Plaintiff it has produced all relevant data from DiPalma's computer. ECF No. 196-4 at 6. The court will not now require FedEx to provide physical hard drives to Plaintiff. Discovery has ended. For Plaintiff to obtain the requested hard drive(s) and have an expert examine it or them would require additional time that the court will not confer upon Plaintiff. The court issued detailed rulings regarding production of ESI in the spring and summer of 2010. In her May 27, 2011 order ruling on Plaintiff's Fourth Motion to Compel, Judge Hodges required counsel to determine the deadline by which FedEx was to produce the ESI ordered to be produced. ECF No. 140 at 32. Based on the parties' joint determination, FedEx was to produce the ESI— which included data from DiPalma's hard drive—by June 24, 2011. ECF No. 146. The

parties did not contact the court regarding document production disputes again until February 2012.[6]

The decision of Plaintiff's counsel to wait until just before the close of discovery to "renew" the request for DiPalma's physical hard drives is untimely. *See* Local Civil Rule 37.01, D.S.C. (requiring motions to compel to be filed within 21 days after receipt of discovery responses or when they were due). Plaintiff's presenting the request in another set of RFPs does not cure its tardiness. The undersigned finds no reason to revisit or revise Judge Hodges's prior rulings regarding computers used by DiPalma and the ESI on those computers. Plaintiff has not established she is entitled to the information she now seeks to compel, and her motion to compel is denied as to RFP 3.

    3. RFP 4: Documents Authored by Kristine Peasley as to Michael Wehunt's May 16, 2006 Report Regarding Conditions at MYR.

Plaintiff's final challenge concerns FedEx's response to RFP 4 from her Fifth Set of RFPs. ECF No. 196-1 at 11-13. Plaintiff provides a copy of a May 16, 2006 report FedEx employee Michael Wehunt made regarding MYR conditions (ECF No. 196-6), and argues FedEx has produced "no documentation authored by Kristine Peasley" investigating the Wehunt report. ECF 196-1 at 12. Plaintiff cites to Peasley's September 2011 deposition in which she testified she should have notes in her file regarding her conversations with those she interviewed regarding Wehunt's report. ECF No. 196-1 at 11-12; No. 196-7.

FedEx counters that Plaintiff's representation is false and attaches numerous documents authored by Peasley[7] that Plaintiff introduced as exhibits at the Peasley deposition to demonstrate it has produced documents regarding the investigation at issue. ECF No. 199

---

[6] On October 27, 2011, Plaintiff's filed a motion for an emergency status conference to discuss matters related to depositions. ECF No. 154.
[7] Kristine Peasley was formerly Kristine Parlier.

at 6, No. 199-2. FedEx also lists various documents it produced concerning Wehunt, including a draft investigative report by Peasley. ECF No. 199 at 7-8.

Having reviewed the documents submitted by Plaintiff and by FedEx, the court denies Plaintiff's motion as to RFP 4. FedEx represents it has produced documents responsive to that RFP, and review of documents Plaintiff used in deposing Peasley confirm those representations. Plaintiff's motion to compel responses as to RFP 4 from her Fifth Set of RFPs is denied.

Plaintiff's Fifth Motion to Compel is denied.

IT IS SO ORDERED.

March 29, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge