IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dannetta Todd, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 4:09-cv-1501-TLW-KDW |
| Federal Express Corporation and FedEx Express, | ) |
| Defendants. | ) |

# ORDER

This matter comes before the Court upon the plaintiff's objections to two orders issued by the United States Magistrate Judge assigned to this case. (Docs. 198, 207). The plaintiff objects to the Order issued by the Magistrate Judge on March 8, 2012, which denied the plaintiff's request to extend the expert disclosure deadline (Doc. # 193), and the Order issued on March 29, 2012, which denied the plaintiff's fifth motion to compel discovery of documents (Doc. # 202).

Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Court may:

Designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Additionally, Federal Rule of Civil Procedure 72(a) states that:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

The Magistrate Judge's March 8, 2012 Order denied the plaintiff's request to extend the expert-disclosure deadline. (Doc. # 193). The plaintiff sought an extension to allow her to name as an expert a mental health professional from whom she recently began receiving treatment. In denying the request, the Magistrate Judge noted that the deadline for naming expert witnesses was October 30, 2009. The Magistrate Judge's March 29, 2012 Order denied the plaintiff's fifth motion to compel discovery of documents. (Doc. # 202). The plaintiff sought to compel production of the following: the Guaranteed Fair Treatment Process and Internal Equal Employment Opportunity files created in connection with Dominic DiPalma's termination in July 2009; the hard drives of computers DiPalma used at the Myrtle Beach and Florence FedEx stations; and documents authored by Kristine Peasley in connection with Michael Wehunt's report regarding conditions at the Myrtle Beach FedEx station.

The plaintiff has availed herself of the opportunity for District Court review as provided in the above-cited legal authority. Accordingly, the Court must now address plaintiff's objections that the Magistrate Judge's rulings in these orders are clearly erroneous or contrary to law, which is the appropriate standard of review as provided in Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). After a careful and detailed review of all of the relevant pleadings and previously entered orders as well as the pertinent legal standards, this Court does not find any

portion of the March 8, 2012 Order (Doc. # 193) or the March 29, 2012 Order (Doc. # 202) to be clearly erroneous or contrary to law. Therefore, this Court **AFFIRMS** the decision of the Magistrate Judge.

**IT IS SO ORDERED.**

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

June 11, 2012
Florence, South Carolina