IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dannetta Todd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 4:09-cv-1501-TLW-KDW |
| ) | |
| Federal Express Corporation and ) | |
| FedEx Express, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

# ORDER

The plaintiff, Dannetta Todd ("plaintiff"), brought this civil action on June 8, 2009. (Doc. # 1). On March 30, 2012, the defendants filed a motion for summary judgment. (Doc. # 203). The plaintiff submitted a response in opposition (Doc. # 222), and the defendants filed a reply (Doc. # 224).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D. West to whom this case had previously been assigned. (Doc. # 231). In the Report, the Magistrate Judge recommends that the District Court grant the defendants' motion for summary judgment and dismiss this case. (Doc. # 231). The plaintiff filed objections to the Report. (Doc. # 235). The defendants submitted a response to the plaintiff's objections (Doc. # 238), to which the plaintiff filed a reply (Doc. # 242). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.

1

    The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

    In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. The Court notes that the Magistrate Judge has carefully outlined the facts and law in connection with this case. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report in part and **DECLINES** to accept it in part. (Doc. # 231). The Court accepts the recommendation in the Report that summary judgment be granted as to the plaintiff's causes of action for (1) age discrimination based on disparate treatment pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and S.C. Code Ann. § 1-13-80; (2) gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and S.C. Code Ann. § 1-13-80; (3) retaliatory discharge pursuant to the ADEA, Title VII, and S.C. Code Ann. § 1-13-80;[1] (4) defamation; and (5) intentional infliction of emotion distress.

---

[1] The plaintiff asserts she engaged in a "protected activity" by reporting to FedEx personnel that the address on Dominic DiPalma's driver's license matched the address of Sally Hall. As an additional basis for granting summary judgment on the retaliatory discharge claim, the Court finds the evidence does not create a genuine dispute of material fact as to whether the plaintiff actually engaged in this alleged protected activity. Furthermore, assuming the plaintiff engaged in the activity she alleges, the Court concludes it does not constitute a protected activity for purposes of Title VII. See Equal Emp't Opportunity Comm'n v. Navy Fed. Credit Union, 424 F.3d 397 (4th Cir. 2005) ("We have recognized that [Title VII] protects activity in opposition not only to employment actions actually unlawful under Title VII but also employment actions an employee reasonably believes to be unlawful." (emphasis added)); McNair v. Computer Data Sys., Inc., No. 98-1110,

2

The Court declines to accept the recommendation in the Report that summary judgment be granted as to the plaintiff's cause of action for sexual harassment based on a hostile work environment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., and S.C. Code Ann. § 1-13-80.  The Magistrate Judge recommended dismissal of the hostile work environment claim because a reasonable jury would not find Dominic DiPalma's alleged conduct (1) sufficiently severe or pervasive to alter the conditions of the plaintiff's employment or (2) imputable to the defendants.  Report, p. 21 (Doc. # 231).  With respect to imputation, the Magistrate Judge found that the defendants took reasonable care to prevent and correct sexually harassing behavior by providing sexual harassment training and a mechanism for reporting sexually harassing behavior.  Id. at 20.  Relying on two opinions by the Fourth Circuit Court of Appeals, the Magistrate Judge concluded that "[e]mployers are not liable for an employee's unlawful harassment of another employee if the harassed employee has unreasonably refused to report or has unreasonably waited many months before reporting a case of actual discrimination."  Id. at 19 (citing Matvia v. Bald Head Island Mgmt., Inc., 259 F.3d 261, 269-70 (4th Cir. 2001); Barrett v. Applied Radiant Energy Corp., 240 F.3d 262, 267-68 (4th Cir. 2001)).

Initially, the Court finds there is sufficient evidence in the record for the plaintiff to survive summary judgment with respect to whether DiPalma's conduct was severe or pervasive enough to alter the conditions of the plaintiff's employment and create an abusive work environment.  The plaintiff asserts DiPalma made sexually explicit comments to her, improperly touched her, and made offensive comments to her.  See citations to record at pp. 16-17 of Report (Doc. # 231).  There is

---

1999 WL 30959, *5 (4th Cir. Jan. 26, 1999) (per curiam) ("'[A] general complaint of unfair treatment does not translate into a charge of illegal . . . discrimination.'" (quoting Barber v. CSX Distrib. Serv., 68 F.3d 694, 702 (3d Cir. 1995))).

3

also evidence of DiPalma engaging in harassing behavior toward other female employees. See Plaintiff's objections, pp. 9-10 (Doc. # 235). As for imputation, the plaintiff cites, in her objections, Paroline v. Unisys Corp., 879 F.2d 100 (4th Cir. 1989), vacated in part on a different issue, 900 F.2d 27 (4th Cir. 1990) (per curiam). In Paroline, the Fourth Circuit stated that "[i]n a hostile environment case under Title VII, we will impute liability to an employer who anticipated or reasonably should have anticipated that the plaintiff would become a victim of sexual harassment in the workplace and yet failed to take action reasonably calculated to prevent such harassment. An employer's knowledge that a male worker has previously harassed female employees other than the plaintiff will often prove highly relevant in deciding whether the employer should have anticipated that the plaintiff too would become a victim of the male employee's harassing conduct." Id. at 107. There is evidence in the record of other employees reporting harassing behavior toward women by Dominic DiPalma. See McCoy Dep., ex. 17-19 (Doc. # 222, attach. 5); Wehunt Dep., ex. 6 (Doc. # 222, attach. 13). In Matvia, the Fourth Circuit stated there is an affirmative defense that "allows an employer to avoid strict liability for a supervisor's sexual harassment of an employee." Matvia, 259 F.3d at 266; see also Barrett, 240 F.3d at 265. "[T]he employer must establish: '(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.'" Id. at 266-67 (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998)); see also Barrett, 240 F.3d at 265-66. However, the Fourth Circuit noted the defense is available "if no tangible employment action was taken against the employee." Id. at 266; see also Barrett, 240 F.3d at 265. Here, there was a tangible employment

4

action because the plaintiff's employment was terminated. Moreover, in Mikels v. City of Durham, N.C., the Fourth Circuit, in discussing employer liability after Faragher and Ellerth, held that "[a]ny harassing conduct that culminates in a 'tangible employment action' against the victim is necessarily conduct 'aided by the agency relation,' since it can only be taken by supervisory employees empowered by their employers to take such action. In that circumstance, vicarious liability is absolute, without regard to whether the employer knew, or should have known, or approved of the act, or sought to prevent or stop it." 183 F.3d 323, 332 (4th Cir. 1999). Here, DiPalma was the plaintiff's supervisor and the person who engaged in the alleged sexually harassing behavior. He also was involved in the decision to terminate the plaintiff's employment and was the person who informed the plaintiff of this decision. Report, p. 6 (Doc. # 231). Applying Paroline, Mikels, Matvia, and Barrett, the Court finds there is sufficient evidence that DiPalma's alleged conduct is imputable to his employer to move beyond summary judgment.

In sum, the defendants' motion for summary judgment (Doc. # 203) is **GRANTED** as to the plaintiff's claims for (1) age discrimination based on disparate treatment pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and S.C. Code Ann. § 1-13-80; (2) gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and S.C. Code Ann. § 1-13-80; (3) retaliatory discharge pursuant to the ADEA, Title VII, and S.C. Code Ann. § 1-13-80; (4) defamation; and (5) intentional infliction of emotion distress. The defendants' motion for summary judgment (Doc. # 203) is **DENIED** as to the plaintiff's claim for sexual harassment based on a hostile work environment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., and S.C. Code Ann. § 1-13-80.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>United States District Judge

September 12, 2012
Florence, South Carolina